An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN SELLERS,
Appellant,
vs.
STATE OF NEVADA PAROLE AND
PROBATION; STATE OF NEVADA
RISK MANAGEMENT; STATE OF
NEVADA DEPARTMENT OF
BUSINESS AND INDUSTRY; DIR
WORKERS' COMP. SECTION; AND
CCMSI, THEIR THIRD PARTY
ADMINISTRATOR,
Respondents.

No. 65227

**FILED**

SEP 11 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Appellant Steven Sellers seeks to impose a benefit penalty on his employer's third-party workers' compensation administrator, respondent CCMSI, for failing to respond to his request for disability benefits and for failing to provide appeal rights in its compliance letters. The decision of respondent Division of Industrial Relations not to award such a penalty was upheld by an appeals officer and the district court. Nevertheless, appellant argues that NRS 616D.120(1)(c) and (i), respectively, require the imposition of a benefit penalty here because CCMSI refused or unreasonably delayed payment of compensation found due by an appeals officer and intentionally failed to comply with the workers' compensation statutes and regulations. *See* NRS 616D.120(3) (governing benefit penalties).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-27596

In reviewing the agency's decision, we apply the same standard as the district court. *See Law Offices of Barry Levinson v. Milko,* 124 Nev. 355, 362, 184 P.3d 378, 383 (2008) (explaining that this court reviews an agency decision for clear error or an arbitrary and capricious abuse of discretion). While purely legal questions are reviewed de novo, the appeals officer's fact-based conclusions of law are entitled to deference when supported by substantial evidence. *Id.* at 362, 184 P.3d at 383-84.

Here, the appeals officer's conclusion that CCMSI did not refuse to pay or unreasonably delay payment found due by an appeals officer in the underlying claim litigation is based on substantial evidence. That appeals officer order merely stated that the claim must be accepted for "all appropriate benefits," and CCMSI consequently sent timely letters indicating that appellant's claim was accepted, that all medical bills should be forwarded to it, and that additional medical documentation was needed to determine whether disability benefits were warranted. Although appellant argues that the insurer must describe what benefits it would and would not pay and include appeal rights, he points to no statute so stating, and the appeals officer did not abuse her discretion in concluding that CCMSI complied with the claim-acceptance order; NAC 616C.094 applies only when the insurer is responding to "a written request relating to a claim." Therefore, the appeals officer's decision that CCMSI did not refuse or delay payment of benefits found due is entitled to deference.

Further, with regard to appellant's March 8, 2012, letter to CCMSI, that letter did not expressly request benefits but, instead, confirmed appellant's disability retirement date and provided appellant's direct deposit information so that payments could be received by him

directly. As a result, it was not an abuse of discretion to refuse to impose a benefit penalty on CCMSI for failing to respond to the letter. Moreover, Dr. Moazez's disability retirement report does not strictly comply with NRS 616C.475(7), in that it does not describe the period of disability and whether the work restrictions are permanent or temporary. While CCMSI perhaps should have presumed this information from the circumstances, entitlement to benefits is not now before the court, and this is not enough to show that CCMSI intentionally failed to comply with any statute or regulation. Accordingly, the appeals officer's decision is based on substantial evidence and not affected by clear error. While no benefit penalty is due under NRS 616D.120, appellant is not precluded from seeking disability benefits. We thus

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:     Hon. Nancy L. Allf, District Judge
        Persi J. Mishel, Settlement Judge
        Law Offices of Virginia L. Hunt
        Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
        Dept of Business and Industry/
                Div of Industrial Relations/Henderson
        Eighth District Court Clerk